UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN LEROY SPENCER, | No. 2:13-cv-02108 DAD P |
| Plaintiff, | |
| v. | ORDER |
| S. PAINTER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. In Forma Pauperis Application**

On January 14, 2014, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff subsequently submitted two more applications which be placed in the file and disregarded. (ECF Nos. 14 & 15.)

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**II.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Rule 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

**III. Legal Standard Applicable to a Claim of Constitutionally Inadequate Medical Care**

Plaintiff claims that on October 25, 2012, he told defendants correctional officers Painter and Blanco that he was in pain and needed a wheelchair to return to his cell.  Plaintiff alleges that defendants denied him the requested wheelchair and that he collapsed on the floor in the law library.  Plaintiff alleges that he was subsequently transported to the prison's medical unit where he was given 500 mg. of nayloxen.  (ECF No. 1 at 3.)

Plaintiff is advised of the following legal standards governing a claim that he received inadequate medical care while imprisoned in violation of his rights under the Eighth Amendment.  The Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer v. Brennan, 511 U.S. 825, 835 (1994).

To state a cognizable claim of constitutionally inadequate medical care, plaintiff must allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference."  Plaintiff is cautioned that "mere 'indifference,' 'negligence,' or 'medical

3

1   malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460
2   (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  See also McGuckin v. Smith, 974 F.2d 1050,
3   1060 (9th Cir. 1991) ("A finding that the defendant's neglect was an 'isolated occurrence' or an
4   'isolated exception,' . . . militates against a finding of deliberate indifference"), overruled on other
5   grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  Likewise, a
6   mere disagreement between plaintiff and defendants as to how the defendants provided him with
7   medical care fails to state a cognizable § 1983 claim.  See Toguchi v. Soon Hwang Chung, 391
8   F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez
9   v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.
10  1981).

    Plaintiff's claim as presented in his original complaint is defective because he has not alleged sufficient facts concerning his medical condition, medical history concerning that condition, and any doctor orders relevant to the episode he allegedly experienced on October 25, 2012.  In any amended complaint he may elect to file in this action plaintiff  must allege additional facts which, if proven, would show that defendants were deliberately indifferent about his medical condition and that it was more than mere indifference or negligence when they failed to provide plaintiff with a wheelchair as he requested.  Finally, plaintiff must allege additional factual detail about the treatment he received for his pain and the circumstances surrounding his wheelchair use, including whether he used a wheelchair on a regular basis at the time in question.

**IV. Amended Complaint**

    If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Any amended complaint must also allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights

4

violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

      Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V. Conclusion**

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. Plaintiff's request for leave to proceed in forma pauperis filed January 14, 2014 (ECF No. 11) is granted;

      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

      3. Plaintiff's applications requesting leave to proceed in forma pauperis filed March 5, 2014 and March 13, 2014  (ECF No. 14 and 15) shall be placed in the file and disregarded;

      4. Plaintiff's complaint filed October 11, 2013 (ECF No. 1) is dismissed;

      5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;" failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

/////

/////

6. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

Dated: April 9, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
spen2108.14