UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN LEROY SPENCER, | No. 2:13-cv-02108 KJM DAD P |
| Plaintiff, | |
| v. | ORDER |
| S. PAINTER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

In his initial complaint plaintiff alleged that prison officials were deliberately indifferent to his medical needs. Specifically, plaintiff alleged therein that he informed the defendant correctional officers that he was in pain and required a wheelchair to return to his cell; when they failed to provide him with a wheelchair, he collapsed on the floor of the law library and was taken for medical treatment. (ECF No. 1.) By order filed April 10, 2014, the court dismissed the original complaint due to plaintiff's failure to allege facts sufficient to state a cognizable claim against the named defendants. (ECF No. 18.) That same order granted plaintiff thirty days to file an amended complaint. (Id.)

Over the past year, the court has granted plaintiff numerous extensions of time to file an amended complaint, most recently by order filed April 8, 2015. (ECF No. 31.) However, rather

1

than timely file an amended complaint, plaintiff has filed a motion seeking an order directing officials at Kern Valley State Prison, where plaintiff is currently housed, to grant him access to four boxes of legal property and to his central file so that he may file an amended complaint. (ECF No. 32.)

Based upon the content of his motion, it appears to the court that plaintiff misunderstands what is required in an amended complaint. As the court previously advised plaintiff:

> The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id.

(April 10, 2014 Order (ECF No. 18) at 3.)

In that same order, the court noted:

> Plaintiff's claim as presented in his original complaint is defective because he has not alleged sufficient facts concerning his medical condition, medical history concerning that condition, and any doctor orders relevant to the episode he allegedly experienced on October 25, 2012. In any amended complaint he may elect to file in this action plaintiff must allege additional facts which, if proven, would show that defendants were deliberately indifferent about his medical condition and that it was more than mere indifference or negligence when they failed to provide plaintiff with a wheelchair as he requested. Finally, plaintiff must allege additional factual detail about the treatment he received for his pain and the circumstances surrounding his wheelchair use, including whether he used a wheelchair on a regular basis at the time in question.

(Id. at 4.) The court now understands that plaintiff may have been confused by this passage of the court's order. The court now makes clear that in order to properly plead his complaint, plaintiff *need not* cite specific details from legal or medical records "concerning his medical condition, medical history concerning that condition, and any doctor orders relevant to the episode he allegedly experienced on October 25, 2012." (Id.) In order to correct the shortcomings of his original complaint, in an amended complaint plaintiff need only allege facts in his knowledge which, if proven, would demonstrate that defendants were deliberately indifferent to his serious

2

medical needs on the date in question. In order to provide plaintiff with more guidance, the court will set forth additional details regarding the standard governing an Eighth Amendment deliberate indifference claim, as follows.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977). In the context of prisoner health care:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs, or by prison guards in intentionally denying or delaying access to medical care, or intentionally interfering with the treatment once prescribed.

Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted).

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted).

By establishing the existence of a serious medical need, a plaintiff satisfies the objective requirement for sustaining an Eighth Amendment claim. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (quoting Estelle, 429 U.S. at 104), overruled on other grounds WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." Id. at 1059-60 (citations omitted).

The subjective requirement for sustaining a deliberate indifference claim is met by plausible allegations that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "Mere negligence is insufficient for liability. An official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot . . . be condemned as the infliction of punishment. Instead, the official's conduct must have been wanton, which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citations and internal quotations omitted). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

When the court reviewed plaintiff's initial complaint, it was unable to determine whether plaintiff had a serious medical need, that is, the objective requirement for establishing his Eighth Amendment claim. Standing alone, the statements plaintiff included in his original complaint that "[I] informed [defendants that] I was in pain and need a wheelchair to return back to PSU Building Cell 131" and "[I] was deliberately denied a wheelchair and collapsed on the floor" (ECF No. 1 at 3) would not, even if proven to be true, establish that plaintiff had a serious medical need at the time in question. Plaintiff must plead more facts, using the standard set forth above as a guide to demonstrate the existence of a serious medical need at the time of incident. For instance, did plaintiff suffer from a condition that could result in further significant injury, or an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, or a medical condition that significantly affected his daily activities, or chronic and substantial pain, and if so, what was the nature of his injury or condition or pain? Again, plaintiff may plead the necessary facts from his personal knowledge, and need not rely on citations or quotations from medical records or other documents.

Similarly, in reviewing plaintiff's initial complaint, the court was unable to determine whether the defendants were "aware of the facts from which the inference could be drawn that a

substantial risk of serious harm exist[ed] . . . and . . . [that they] also dr[e]w the inference," that is, the subjective requirement for establishing his Eighth Amendment claim. <u>Farmer</u>, 511 U.S. at 837. Therefore, in any amended complaint, plaintiff must allege facts establishing that (i) defendants knew of the facts regarding plaintiff's serious medical need and (ii) inferred from this knowledge that if plaintiff was not provided a wheelchair, that he would suffer pain and/or injury. Again, the necessary information should be available to plaintiff through his personal knowledge, and should not require reference to legal materials and/or plaintiff's central file.

Plaintiff will be granted one final 30-day extension of time to file an amended complaint. However, failure to timely file an amended complaint will result in a recommendation that this action be dismissed without prejudice. Moreover, plaintiff is forewarned that absent extraordinary circumstances, no motions or requests, such as for appointment of legal counsel, access to legal property, or access to plaintiff's central file, may be used by plaintiff as a basis to seek an extension of time to file an amended complaint.

For all of the reasons set forth above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, plaintiff shall file an amended complaint that conforms to the requirements set forth in the court's April 10, 2014 order. (ECF No. 18.)

2. Plaintiff's motion for a court order directing access to his legal property and his central file (ECF No. 23) is denied.

3. Together with a copy of this order, the Clerk of the Court is directed to serve plaintiff with a copy of the April 10, 2014 order (ECF No. 18) for his reference.

4. Plaintiff's failure to comply with this order will result in a recommendation that the action be dismissed.

Dated: April 27, 2015

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
spen2108.access.third